621 S.E.2d 355

**In the Matter of Ernest HAMILTON, Respondent.**

**No. 26054.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Oct. 24, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James L. Goldsmith, Jr., of Hendersonville, NC.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

### *FACTS*

■ Pursuant to his contract with Greenville County to provide legal services for indigent criminal defendants, respondent was appointed to represent Client regarding two charges pending against her in General Sessions Court. In or about January 2004, respondent obtained Client's release from jail on a personal recognizance bond.

Shortly thereafter, Client met with respondent at his office to discuss her case. Client was accompanied by Friend. During the meeting, Friend inquired if respondent would work

harder on a retained case than he would on one in which he was appointed. Friend stated he wanted to show his appreciation for the work already accomplished by respondent and to ensure that Client continued to receive appropriate legal services.

Respondent represents that, despite his assurances to Friend that he handles both retained and appointed cases in the same professional manner, Friend insisted respondent accept a fee. Respondent excused Client from the meeting and, at this point, Friend paid respondent $1,000. Respondent gave Friend a receipt for the money and a copy of the receipt was placed in Client's file.

Respondent represents that the money from Friend was paid, with Client's knowledge, to represent Client on a pending charge in magistrate court (unrelated to her General Sessions charges) and a Department of Social Services matter. This agreement was not placed into writing. Respondent acknowledges he failed to clearly clarify the fee arrangement with Client and Friend.

In or about September 2004, respondent admits that, after explaining the parameters of a plea offer with Client as to the General Sessions charges, Client seemed reluctant and inquired about pursuing a trial. Respondent responded by telling Client that a jury trial would cost an additional $1000. Client was never charged this additional fee.

Shortly thereafter, respondent was relieved as counsel for Client. Respondent represented he never intended to charge Client an additional fee, only that he wanted to convince Client of the benefit of accepting the plea offer rather than incurring the risks of a jury trial.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.5 (when lawyer has not regularly represented a client, the basis or rate of a fee shall be communicated to the client, preferably in writing, within a reasonable time after commencing the representation); Rule 1.8 (lawyer shall not accept compensation for representing a client from one other than the client unless the client consents

after consultation); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).[1] Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice).

## CONCLUSION

■ We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.